Thank you, Your Honor. Well, you just heard a case that was, I believe, quite narrow in the issues, and those issues are also discussed in our case, but they're not really critical to the Court's resolution of our case. Basically, I don't know if Mr. Nowitzki would agree with me, but basically, we have a settlement agreement enforceable by the Court in this case, and the question is attorneys' fees, and I think that one of the reasons that we have a settlement agreement maybe is to avoid the issues that come up with summary judgment motions and the time and expense of summary judgment motions. But here we have basically a question of whether the district court properly determined that the plaintiff was not entitled to any attorneys' fees, and I think we need to keep in mind when we address that issue that there are several attorneys' fees provisions involved here. There's the ADA attorney's fee provision, and there are three state court attorney's fee provisions, 54.3, 55 of the Civil Code. Kennedy, let's assume we'd agree with you that the Court was wrong in saying you're required to show settlement. Let's assume that's sold just for the moment's sake of the argument. Are you still through, or do you have – is that enough to get to me? No, I think that the first issue we have to resolve is whether the plaintiff had standing, whether he suffered an injury, and whether he had standing for attorneys' fees, because that's really the basis, the primary basis, that the appellate court denied the plaintiff had standing. The attorneys' fee motion, and actually raised it for the first time at the oral hearing. Nobody had ever argued it. The second issue is, even if this Court determines that there was no injury, and therefore that the district court was correct, that there was no injury supporting an award of attorneys' fees, the second question you would have to then decide is whether there was an independent grant of jurisdiction by any of these four statutes I just mentioned. An independent grant of jurisdiction to whom? To the plaintiff. To the plaintiff? No, the plaintiff's got a remedy, but jurisdiction is something that the Court has or doesn't have. If the Court had no jurisdiction because of lack of standing to proceed under the Federal law, then can the parties agree to give the Court jurisdiction by a separate contract to with the settlement agreement? If they can't agree to give the Court jurisdiction, then how do you have jurisdiction? Well, I think you answer it because there is an exception to the rule that you have to have jurisdiction in order to award attorneys' fees, and that was mentioned in the Latch case, that if a statute provides an independent grant of jurisdiction for attorneys' fees, not an independent grant of jurisdiction for standing, but for attorneys' fees, then that's an exception to the rule. And, for example, Code of Civil Procedure Section 1021.5, which is one of the basis for attorneys' fees. You're talking once again about the California stuff. Correct. But why? Let's talk about the Federal stuff. Let's stay with the Federal. This is a Federal district court we're talking about. California can say courts have jurisdiction to do whatever they want. It doesn't give the Federal district court jurisdiction. Your Honor, in this case, in this case, the basis for Federal court jurisdiction in the first instance is the Americans with Disabilities Act. But under the rule of supplemental jurisdiction, which this – which the district court exercised, it determined that plaintiff was going to be able to bring a motion for attorneys' fees under both the Federal and the State court statutes. It did not exercise discretion not to grant that supplemental jurisdiction. So I think that the district court, and this court also, has to determine whether, under the – under the settlement agreement and under Barrios, and under all of those cases, whether the plaintiff has a right for attorneys' fees under not only the ADA, but also the State court statutes. Well, if the district court said you have no jurisdiction to bring this here, how can it grant supplemental? Supplemental means in addition to our jurisdiction, we have something more. How can you do that? Well, I think that – I think my brief mentions this, the case, I think it's Wander v. Krause, in which the court determined, yes, the court – the district court, even if they determine that they don't have jurisdiction for the Federal court under the ADA, they can, in their discretion, exercise supplemental jurisdiction under the State statutes. And by the way, the State statutes incorporate the Americans with Disabilities Act provisions into the State statutes, which make the violation of the ADA a violation of the State statutes as well. So – so I'd like to get back to the first issue, which is the standing issue. And with respect to whether there was standing under the ADA or any of the State laws, I think that there definitely is standing, because the question – the question really is, what standard do you apply when there's a court-enforceable settlement agreement for substantial injunctive relief and damages? Do you apply what the pleading standards are, which is just basically general notice of the factual, you know, allegations? Or do you have to provide evidence as you would in a summary judgment situation? It seems to me that the courts have decided this issue in Buchanan, Berrios, Richards, and Fisher cases by their holding that a plaintiff who obtains a court-enforceable settlement agreement, which – which changes the legal relationship of the parties, in this case for substantial injunctive relief and damages, is the prevailing party for attorneys' fees. And in order to have standing, I believe Pickern v. the Quality case makes clear that as long as you encounter one barrier to access, you have standing. And the plaintiff in this case did allege that he encountered not just one barrier to access, but many barriers to access in the pleadings. And – and I believe certainly meets the standard for standing under the Lujan case. Lujan itself says that there's a difference between what you have to allege in a complaint to have standing and what you have to prove in a summary judgment motion to have standing. And when you have a court-enforceable settlement agreement in which the court retains jurisdiction to enforce the settlement agreement and to render a decision on the attorneys' fees motion, you certainly should not have to, and I don't believe the law is, have to provide evidence as you would in a summary judgment motion for determination on the merits. It's not a determination on the merits. You have a court-enforceable settlement agreement. That was the whole point of Buchanan and Berrios, Richards and Fisher. We also, though, and I don't want to go into details, we also submit that we – that the state of the record was, because of the discovery and the answers in interrogatories and disclosing the experts' report, that the state of the record we did provide evidence in support of the motion. And even if you applied the more stringent test for standing in a summary judgment situation, which is actual evidence and proof, that we fulfill that specific requirement, too. So I kind of like to move on from that, does it have standing because the defendant also argued that we didn't provide fair notice. That goes back to this pleading issue, which I think is really the standard that you have to apply to this case as to whether there's standing, and combining it with the Buchanan, Berrios, Fisher and Richards decisions that if you have a court-enforceable settlement agreement, you're the prevailing party for purposes of attorneys' fees. Now, defendants argued in its brief that plaintiff did not provide fair notice, and they cited, excuse me if I mispronounce it, the Swear-Kiwitz case. And actually, this case makes clear that plaintiff in this case, and the appellant in this case, complaint did provide fair notice. Federal Rule of Civil Procedure, it points out, shows that a complaint must include only a short and plain statement of claims showing that the pleader is entitled to relief. Well, we certainly did that. We identified many barriers to access. And if you look in our brief, we list all of the pleadings which set forth that. And the Switchers-Swear-Kiwitz case also points out that the simplified notice proceeding, pleading, relies upon liberal discovery rules and summary judgment motions to define disputes and issues and dispose of unmeritorious claims. I wish you'd tell us what on this record, and that's what we're going to decide the case on. Yes. Indicates that the court was wrong in saying you had no basis for attorneys' fees. Well, the court itself, in its decision, said that we did plead at least one specific violation. We say we pled many violations, and we say that we provided in the complaint all of the requirements of pleading required by law. So under Pickern, which was discussed, Pickern v. Quality Holiday Foods, which was discussed before, I believe the court acknowledged, and if it didn't, I think that the law is under that case that if you allege one that you encountered, one barrier to access and no more, you have standing. You have suffered an injury. And so I don't really see how the court could have possibly concluded that there wasn't standing. May have a problem, because I do. I see exactly how the court concluded whatever it concluded. What happens, you, I think, as I understand the record, are relying on the fact that that was a settlement made. If that was a settlement made, that was an injury. If that was an injury, I'm entitled to attorneys' fees. And I think that's your reasoning, isn't it? No, Your Honor. It's not my reasoning at all. Not at all. Not at all. If you go back and look at what happened in the district court, no one raised the question of standing as a bar to attorneys' fees in that case. In the briefing, it came up for the first time without any, it just out of nowhere, came up for the first time on January 23rd of the year that the court rendered its decision at the oral hearing and said, you don't have standing because you didn't suffer an injury. Well, the court can raise that sua sponte. Yes, it can raise that sua sponte. So let's address what your complaint alleged in, I think it's paragraph 14. Well, in many, it alleged in many places, but the allegations in the complaint alleged that he was denied full and equal access at the hotel because it was not and is not properly accessible to persons such as Mr. Scaffi, whose wheelchair and that's on ER 2, the transcript. It alleged that he encountered numerous barriers to access at the hotel, including the lack of a roll-in shower, the lack of a roll-in shower with a wall-hung chair, passive travel, guest room, bathroom, telephone, elevator and signage. That's on ER 5 and 6. He alleged that defendants' actions and omissions to act constitute discrimination against him on the sole basis that he was physically disabled and unable, because of the architectural barriers created and or maintained, to use the hotel and its facilities on a full and equal basis as other persons. It alleges that the acts and omissions of defendant are continuing on a day-to-day basis and have the effect of wrongfully excluding plaintiff and other members of the public who are physically disabled wheelchair users from full and equal access to the hotel and its facilities. That's on page ER 5. It alleges that until defendants make the hotel and its facilities accessible, he is deterred from returning to the hotel for purposes of Section 308 of the Americans with Disability Act. And he's being the subject of discrimination on the basis of disability in violation of Title III. That's on page ER 11. He alleges that a result of the denial of access and due to the acts and omissions of defendant, he suffered a violation of the civil rights, including but not limited to rights under Civil Code Sections 54 and 54.1, and suffered physical injury, discomfort and pain, et cetera, all to his damages per Civil Code 54.3. That's on page ER 12. And he alleged that the acts of defendants approximately caused and will continue to cause him irreparable injury if not enjoined by the court, and that the court should issue a preliminary and permanent injunction directing defendants to modify the facilities and provide facilities which provide full and equal access as required by law. Now, that's what he alleged in the complaint. And to say that he did not allege that he encountered one barrier to access or more or that he didn't fulfill the requirements for plea to satisfy fair notice in the pleadings, I just don't see how that can, you know, be concluded from what was alleged in the complaint. So I think that the district court is wrong on saying that there was no injury which would support – there was no injury alleged which would support standing. And therefore, since there's no injury alleged which would support standing, there's no standing – or not no standing. He can't, you know, award attorney's fees. I mean, Pickering v. Quality Holiday Foods just is totally contrary to that. That's the Ninth Circuit rule. If you encounter at least one barrier to access – and I don't think anybody was arguing that you don't have standing for that, and even in the last case they were just looking at what the scope of it was – but if you encounter one barrier to access, you have standing. And if you have standing for an injury, then the district court improperly concluded that he didn't have standing. And therefore, if the district court improperly concluded that, he does have standing for an award of attorney's fees. We're not talking about amount. We're talking about is he entitled to attorney's fees. Up until the date that the judge ruled in open court that there was no standing – and that's what I was getting to when you said this prevailing party thing. Up until that date, the scope of the issues between the defendants and the plaintiff was not about standing. It was about other issues. It was about only whether there was proper notification or whether it was a requirement – excuse me – whether there was a requirement for notification prior to filing the lawsuit and an opportunity to cure under the ADA, which I have also briefed and say, no, there's no notice requirement. Or the other issue that was being debated between us was did he have to make a pre-litigation attempt to settle the case pursuant – now, this is only pursuant to California Code of Civil Procedure – the catalyst argument issue. And in that situation, yes, I would say without question that the catalyst requirement does not apply when you have a court-enforceable settlement agreement which materially alters the legal relationship of the parties. Berrios itself said that. The California court in Tipton, which was a, a, a, a, a, a case which came along with the Graham case, said that. So those were – that was the scope of the dispute between the parties, between the counsel for the parties at the, at the district court prior to being hit with a bombshell in oral argument that there was no standing. Nobody briefed it. Nobody raised it. The court, as you say, on its own, and you can look at that and you should look at that, whether, whether the court is correct, but I don't think that the fact that it wasn't briefed by us at the, at the district court, because nobody even considered that there wasn't standing, except the judge. But the judge considered that there wasn't standing contrary to the Ninth Circuit law in Pickering. So I, I really think that, that there's no, there's no doubt that there, there is an injury in fact, an injury sufficient to support standing. And since there's standing, the district court was wrong in saying that there was no injury and, therefore, no, no attorney's fees. But going to the second point, which is, even if there was not jurisdiction, because there was not an injury in, injury, even if the district court was right, under the independent jurisdiction, particularly of Civil Code, Code of Civil Procedure Section 102.1.5, which says in any action, a successful party is entitled to attorney's fees if he shows that it was in the public interest, basically, that's, that's the gist of it, that's an independent grant for attorney's fees. And I think that the reason for that is because in civil rights lawsuits such as this and, and other civil rights lawsuits, in fact, one of the cases is right on point because it was also a civil rights lawsuit in which the Court said there was independent jurisdiction. In fact, on this independent, lack of independent, or independent grant of jurisdiction issue, they cite the defendant's rights and the Court cited the Latch case. But in Latch, there was no independent grant of jurisdiction because the statute, which was 26 U.S.C. 7430, allows attorney's fees only in civil proceedings brought in connection with the determination, collection, or refund of any tax and brought in a court, and brought in a court of the United States. Here, Code of Civil Procedure Section 102.1.5 says, upon motion, a court may award attorney's fees to a successful party in any action which has resulted in the enforcement of an important right affecting the public interest if a significant benefit, whether pecuniary or non-pecuniary, has been conferred on the general public or a large number of class of persons. In this case, the benefit is they've got a — Kennedy. That red light turned on a little while ago. You didn't see it, I expect. No, I didn't. So I have — I didn't even know it was here. I just have five minutes. Am I right? Has he used his time? He's over. The time is telling you that you're over. And I was waiting for you to catch your breath, but I didn't think it was going to happen, so I had to tell you. It's already past a minute. You're more than a minute past your time. Okay. Thank you. Well, I guess I'll have to rely on the briefing then for you, sir. I think we understand your position. Okay. Well, there's other issues that are in the brief. Thank you. Good morning. Todd Chayette for the defendant and appellee, Meridian, North America, Beverly Hills. I also have with me David Nowitzki. We're from Thielen, Reed, Brown, Raisman and Steiner. A plaintiff who lacks standing to pursue a claim under the ADA is not automatically entitled to his or her attorney's fees simply because the defendant agreed to settle the case. That, as I think the Court perceived, that was what we perceived as the case was automatic. That's not true. The plaintiff must plead to see me. The only reason I tell somebody when they argue what I think is so that they can go straight to the point if they want to, but we don't require it. Thank you. And you're right, but I wasn't trying to – I mean, you're right, but that was, as I understood your position, and I wanted him to tell us why – what was wrong with it. And he talked a long time, and I guess he told us what he wanted us to know. Right. I still believe that the primary point that the appellant was making in his briefs anyway was that the grant of attorney's fees should be automatic based on the settlement. Counsel, counsel, I have a question. Yes, Your Honor. So let's put that automatic or standing from settlement to the side and just focus on the ADA complaint and why there isn't standing there. And I direct your attention to paragraph 14, which I think he says, you know, we have a problem with the shower and the shower chair. Then it says that he encountered other barriers like path of travel, guest rooms, bathrooms. With notice pleading, why isn't that enough? Well, Your Honor, that issue was basically addressed, I believe, in the case we The allegations in the complaint in that case were very similar to those in this case. The plaintiff alleged problems with the width of doors, furniture obstructing the pathways, signage, very similar allegations that were made in this case, and we believe that the district judge in this case made the determination that these allegations were just boilerplate, and the only true specific allegation was that of a rolling shower. Boilerplate is like a characterization for your argument, but if we just look at Rule 8, why aren't they adequate? You know, the defendant can send in a request for admission, and they can be The Ninth Circuit, this court in Pickering v. Pier 1 also addressed that issue, and it was on summary judgment, but they said that if it wasn't pled in the complaint, those allegations in the complaint were not sufficient to satisfy Rule 8. Yeah, but this is pled in the complaint. It's just a question of detail, it seems to me. I don't really understand your Pickering argument at all. It doesn't seem like Pickering has anything to do with this. Well, I think that the allegations were similar enough that the analogy is there, and basically what the plaintiff said here was, before the complaint was filed, he and those things, but I won't go into detail here. And we think that for the purposes of the issue in this case of should the plaintiff be entitled to attorney's fees, we believe that it is critical to bring all these things to the attention of the defendant specifically so that they can be addressed before the complaint. Well, but, I mean, this is like the standard here. When the district were dismissed, it's like dismissing a complaint, right? Dismissing the complaint on the pleadings and not summary judgment. That's correct, Your Honor. And although the plaintiff in this case was afforded the opportunity to submit evidence, and he did, in fact, submit a declaration in connection with the motion for attorney's fees, so it's a little bit beyond the pleadings. But we believe that the plaintiff and appellant's argument that there is this distinction between standing at the time the complaint is filed in the pleadings and the – and on a motion for summary judgment is not a viable distinction. The problem is if the plaintiff can't make the allegation, the basic allegations to show standing, and I'll get to some of the others in a minute, but basically with regard to the specifics of the violations, how should he be able to present those on the motion for summary judgment, and why should we allow the case to drag on to that point before the defendants are made aware of the specific problems? Basically, the – there are two elements to the – the plaintiffs, I heard in the May I ask one question? Yes, Your Honor. Did the plaintiff, in alleging these various things, path of travel and telephone, elevator signage and so on and so forth, in any place state how it affected him? I am not aware that he did say that. I don't think even after his declaration was filed that he has anything in the – in the pleadings about that. My recollection is the only specific allegation, and I think this is what the district judge believed also who was there, the only specific allegation of a problem that related to him was the roll-in shower. Well, he's there the same way we're there. So, yes. Okay. The – what I heard the plaintiff say in the oral argument was that just because he encountered a problem is enough to confer standing on the – on the plaintiff. That is not true. The standing to pursue injunctive relief in Federal court has two aspects, concrete and particularized harm that must be personal to the plaintiff, and a likelihood that the plaintiff will again be wronged by the conduct. We call that the intent-to-return aspect. And in this case, the plaintiff did not allege either of those. He – he – basically, the roll-in shower violation, or what – we don't believe that was a violation. It was something that was, as the plaintiff admits, was remedied by the next day. And the plaintiff doesn't have standing to pursue a claim based on something that's already been fixed or addressed prior to the complaint. So that is not a concrete and particularized harm. Also, Part 36, Appendix A, CFR Section 9.1.2 requires at least three roll-in showers in a building of the size of the hotel in this case. And there were, in fact, the – the proper number of – of showers. It just – this case basically was based on the inadvertence of the staff and not – not knowing that there was a chair available until – until a couple hours later. So the Court found that there was no concrete and particularized harm, and we believe that's correct. The bottom line, I think, is that – that the judge had discretion to award or deny attorney's fees in this case. And in any case under the ADA, the – the judge has discretion to deny attorney's fees in this case. And – and the judge did that based on a lack of standing. He also could have done it based on other discretionary aspects of – of the judge's power, based on the judge's – if we get down to the – I don't know if the Court wants me to address the State claims. I think it would be appropriate in response to what the – to what the plaintiff argued in oral argument. The – the State – California State law clearly allows judges discretion always to determine who is the prevailing party. The – the judge has discretion to – to see if the person was a catalyst and benefited the public. And the Graham case that the plaintiff cited held that the – there must be some merit to the – to the case. And the judge in this case, mainly because of a lack of standing, determined that there was no merit to the – to the plaintiff's case. So basically, this – this is a case about where a plaintiff obtained a settlement. He's – he's taken care of basically voluntarily by the defendant, and now his attorney's fees. And we believe the judge has discretion in this case to deny those fees. But did the judge exercise discretion? Did the judge exercise discretion, or did the judge just say, no standing, so that's it? Well, the judge's comments, I think – the judge did say, I believe, he doesn't have authority, or I think he did say that. That's true. But I – but again, I think that the judge could have – could have not said that, and we could reach the same result. Yeah, but he said that. That was his decision. That was the basis for his decision, right? Right. But this Court – He said there was no standing and no jurisdiction in the Court. Is that correct? That's correct. Now, why was the – the agreement, the settlement agreement, why did it provide that the Court would have the right to set attorney's fees? Well, I think that was part of it. Did you guys miss the standing issue totally and completely? Well, Mr. Nowitzki was there. He's nodding his head. So I think that – I take that as a yes. Okay. As the Court has acknowledged, I think the – it is appropriate for the judge to determine standing on his own and at any time, even on appeal. The Supreme Court has said that courts can look at standing at any time. So we believe that's – that was appropriate. All right. If there's no standing and there's no jurisdiction, does the Court still have the discretion to grant the attorney's fees? No, I don't think in that case. I think that's true. Assuming what the judge said was true, the judge does not, unless he's – Do you believe there's standing? I'm sorry? Do you believe that there was standing? No. I don't believe that the plaintiff had standing in this case. Okay. If they don't have standing, then they don't have jurisdiction. Isn't that correct? That's correct. Where do you think this discretion is coming from that you're talking about, the judge having discretion to grant this? Maybe that was inartful on my part. I think that was – I think I was taking a step further, assuming that the Court finds that what the judge did was wrong on the standing, that the Court would have discretion to award that. I apologize. I think that was my inartful statement. I think if we found error on standing, we'd probably ask the district court to exercise discretion. Yes. I believe that if the Court did find error on the standing, that would be an appropriate step to take. And by the way, you argued that there was no standing because he didn't say what he wanted to return. That's correct. He alleged he was deterred from returning because of barriers in his complaint. I'm sorry. I think the sound may have cut off, but I think I understand your question. The – is there sound? I'm sorry. The question is – I'm sorry. If you could just repeat the end of that. Yeah. I thought he alleged that he didn't return because he was deterred from returning because of barriers. So why wouldn't that be adequate? Well, he is missing a very important step in saying that I intend to return there. It's just – it's missing a very critical step that the Supreme Court in the Lujan case has said, that there must be an intent to return. I suppose – I think you're making an inference that he would intend to return because he's deterred, but I just don't see that. I think there's an important step missing there. He never alleged that he intended to return there. Even in the Pickern v. Holiday Quality Foods case, the plaintiff alleged that this is – this is my favorite grocery store. I would shop there if these barriers weren't there. And that, I think, was critical to that court's analysis. And here I think it's just too general to say that I was deterred. And I think it's missing that very important step that's required about the intent to return. The fact that it was on – at the pleading stage also in the Pickern v. Holiday Quality case, that case cited a case called Moreno v. GM Oil that said that there's no standing where the plaintiff did not allege the intent to visit particular gas stations. So that – the courts have found that it is – it is required that the plaintiff is required to actually plead that, the intent to return in the pleadings. The – there are several cases that we cited in our – in our brief. The problem about allowing too much time for an argument is counsel thinks he must use it all. Is there some point you need to make to us that you haven't made? I think – I think the court – let me just take one look. There are a couple quick responses to what the plaintiff said in his oral argument. The independent grant of jurisdiction, based on the Lash case, again, that was a Federal statute that could have given rise to an independent grant of jurisdiction to a Federal court. But, again, in that case it did not. The Wander case, I'm just not sure what plaintiffs think – how plaintiffs think that helps them. And that case held that the fact that a State claim was based on the violation of the ADA does not give rise to a Federal question. And the court dismissed all the State claims after it found that the Federal claim was moot. If there are no further questions, I think I can submit on that. Do you have any further questions? Judge Gould, do you have questions? No. Thank you very much for your argument. The case just – the case just argued is submitted. The court is going to take a brief recess before we hear Wells v. Turner Entertainment Company.
judges: Farris, Gould, Duffy